J-A01037-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA PETER CORRELL | : | |
| | : | |
| Appellant | : | No. 851 EDA 2022 |

Appeal from the Judgment of Sentence Entered October 28, 2021
In the Court of Common Pleas of Carbon County Criminal Division at
No(s):  CP-13-CR-0000216-2021

BEFORE:  LAZARUS, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED APRIL 3, 2023**

Joshua Peter Correll appeals from the judgment of sentence, entered in the Court of Common Pleas of Carbon Country, after being convicted by a jury of one count each of possession of firearms prohibited,[1] flight to avoid apprehension/trial/punishment,[2] false identification to a law enforcement officer,[3] resisting arrest,[4] possession with intent to deliver a controlled substance,[5] and two counts each of possession of a firearm by a person not

_____

[1] 18 Pa.C.S.A. § 6105(a)(1).

[2] *Id.* at § 5126(a).

[3] *Id.* at § 4914(a).

[4] *Id.* at § 5104.

[5] 35 P.S. § 780-113(a)(30).

registered[6] and use/possession of drug paraphernalia.[7] After review, we affirm on the basis of the opinion authored by the Honorable Judge Steven R. Serfass.

On January 14, 2021, Officer John Pruitte of the Borough of Jim Thorpe Police Department observed a yellow Ford Escape parked on Olympian Way in Jim Thorpe, Carbon County. Officer Pruitte identified the vehicle as Correll's based on previous recent narcotics investigations. Officer Pruitte also had received a call approximately three hours earlier notifying him that a warrant for Correll's arrest had been issued. *See* N.T. Jury Trial, 5/5/21, at 30-31. As Officer Pruitte approached the Ford Escape, he observed an individual, who he believed to be Correll, sitting in the passenger seat of a nearby car.[8] Officer Pruitte drove around the block twice until he was able to positively identify Correll. *Id.* at 34 (Officer Pruitte testifying "I made two passes. The first time he didn't look at me. The second time, [Correll] looked at me and I was able to confirm it was him."). On the third time around the block, Officer Pruitte parked his police vehicle in front of the Chevy. Upon approaching Correll, Officer Pruitte observed Correll take an unknown item from his waist and place it under the front passenger seat. *Id.* at 36.

---

[6] *Id.* at § 780-113(a)(30).

[7] *Id.* at § 780-113(a)(32).

[8] The car was for sale and owned by Mark Holland. Katie Murphy was sitting in the driver's seat.

Officer Pruitte asked Correll to exit the vehicle, which he refused to do. *Id.* (Officer Pruitte testifying that he asked Correll to exit the vehicle at least 10 times before he complied). Once Correll exited the vehicle, he began to inch away from Officer Pruitte. At that point, Officer Pruitte called Detective Lee Marzen for backup. *Id.* at 37-38. As Officer Pruitte subsequently tried to place Correll in handcuffs, Correll attempted to flee. *Id.* at 38. Following a brief foot chase in the direction of State Route 903, Officer Pruitte tased Correll. *Id.* at 41. Officer Pruitte searched Correll's person and found $2,030.00, a syringe and a spoon. Detective Marzen obtained consent from Holland to search the Chevy and found a 9mm handgun under the front passenger seat. On January 15, 2021, a search of Correll's Ford Escape yielded a gun holster and bag, approximately 1.2 grams of methamphetamine, syringes, boxes, baggies, rubber bands, and other materials commonly used to package and distribute narcotics.

On January 14, 2022, Correll was arrested and charged with the above-mentioned offenses, in addition to one count of firearms not to be carried without a license.[9] On April 8, 2021, Correll filed an omnibus pre-trial motion, which included a motion to suppress his arrest and a habeas corpus motion challenging the sufficiency of evidence supporting the charges. On July 1, 2021, the trial court conducted a hearing and on July 15, 2021, the court

_____

[9] 18 Pa.C.S.A. § 6016.

- 3 -

granted Correll's habeas corpus motion as to the firearms not to be carried without a license charge and denied the motion in all other respects.

Correll proceeded to jury trial on August 5, 2021, and was found guilty on all remaining charges on August 6, 2021. He was sentenced on October 28, 2021 to an aggregate term of 117 to 234 months' incarceration. Correll filed a post-sentence motion, which the trial court denied on February 28, 2022. This timely appeal follows, in which Correll raises the following issues for our review:

1. Whether the [t]rial [c]ourt erred by denying [] Correll's [o]minibus [p]re-[t]rial [m]otion to suppress where [] Correll was subject to an unconstitutional seizure of his person pursuant to the Fourth Amendment of the United States Constitution and Article 1, Section 8 of the Pennsylvania Constitution?

2. Whether the Commonwealth presented sufficient evidence at trial that [] Correll possessed the firearm that was found in the vehicle that was owned by Mark Holland?

3. Whether the Commonwealth presented sufficient evidence at trial to establish that [] Correll possessed 1.2 grams of methamphetamine with intent to deliver it?

4. Whether [] Correll's conviction for [p]ossession of [f]irearms prohibited is against the weight of the evidence where the [t]rial [c]ourt awarded too great a weight to Officer Pruitte's testimony that he observed [] Correll place something under the seat of the vehicle?

5. Whether [] Correll's conviction for [p]ossession with [i]ntent to deliver a [c]ontrolled substance was against the weight of the evidence where the [t]rial [c]ourt awarded to great a weight to the Commonwealth's assertion that the items found in [] Correll's vehicle were consistent with packaging and distribution and that the amount of United States [c]urrency found on [] Correll's person is consistent with the intent to deliver a controlled substance?

6. Whether [] Correll's conviction for [p]ossession with [i]ntent to deliver a [c]ontrolled substance was against the weight of the evidence where the [t]rial [c]ourt placed insufficient weight of [] Correll's alternative explanation as to why he was carrying the amount of United States currency in question, namely that he had intended to purchase a vehicle[?]

7. Whether [] Correll is entitled to a new trial under ***Brady v. Maryland***, [373 U.S. 83 (1963),[10]] because prior to trial, the Commonwealth withheld the statement of Katie Murphey, which [Correll] was entitled to as per his discovery request?

Appellant's Brief, at 10-11.

After reviewing the parties' briefs, the relevant law, and the record on appeal, we rely on the May 19, 2022 opinion, authored by Judge Serfass, to affirm Correll's judgment of sentence. ***See*** Trial Court Opinion, 5/19/22, at 7-8 (pre-trial motion to suppress properly denied where probable cause for valid warrant existed as officer knew of active felony warrant out for Correll three hours prior to arrest; Pennsylvania law does not require arresting officer to possess physical copy of arrest warrant; and, officer was familiar with Correll and Correll's vehicle due to previous narcotics investigations and physical interactions); ***id.*** at 8 (habeas corpus issue moot because Correll proceeded to trial without filing direct appeal from denial of habeas corpus motion); ***id.*** at 9-10 (sufficient evidence of constructive possession of handgun where officer observed Correll remove an item from his waist and place it under front passenger seat and detective found handgun under front

---

[10] ***Brady v. Maryland***, 373 U.S. 83, 87 (1963) (holding "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution").

passenger seat); *id.* at 10-11 (sufficient evidence for possession of methamphetamine consistent with intent to deliver where items found in Correll's vehicle, including rubber bands, clear plastic baggies, syringes, boxes commonly used to store bricks of heroin, $2,030.00 in cash, drug paraphernalia and 1.2 grams of methamphetamine, consistent with packaging and distribution of narcotics); *id.* at 12 (possession of firearm prohibited conviction not against weight of evidence where Holland testified he did not own handgun found under front passenger seat of his car and that he cleaned out vehicle to get it ready for sale, and search of Correll's vehicle yielded a gun holder and bag); *id.* at 13 (possession of methamphetamine with intent to deliver not against weight of evidence where Correll was unemployed and deposits at bank did not come from employer, Social Security or unemployment benefits); *id.* (Correll's due process rights not violated under *Brady* where "supplemental narrative" generated by Detective Marzen following interview with Murphy did not prejudice Correll; narrative contains statements that Murphy observed Correll with a handgun and Holland asked Correll if had a permit for handgun and Correll could have brought Murphy as his own witness).

In light of the foregoing, we affirm Correll's judgment of sentence and direct the parties to attach a copy of Judge Serfass' opinion in the event of further proceedings.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/3/2023